UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TYRIE L. NELMS,

    Petitioner,

v.                                        CASE NO. 6:11-cv-1610-Orl-37DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 15). Petitioner filed a reply to the response (Doc. No. 18).

Petitioner alleges four claims for relief in his habeas petition. As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

*I. Procedural History*

Petitioner was charged on December 3, 1996, in four cases with unlawful possession of a firearm by a violent career criminal (count one) and robbery with a firearm (count two) in each case (App. A). Petitioner entered into a no contest plea to

the crimes as charged in each case with no agreement as to the sentence that would be imposed (App. B). The trial court sentenced Petitioner to four fifteen-year terms of imprisonment as a habitual violent felony offender ("HVFO") for count one of each case and to four twenty-five year terms of imprisonment as an HVFO, with a fifteen-year minimum mandatory term, for count two of each case (App. C). Petitioner appealed, and on September 11, 1998, the Fifth District Court of Appeal affirmed *per curiam* (App. E).

On September 11, 2000,[1] Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (App. F). The trial court held a hearing on the motion (App. G). On November 21, 2000, the trial court granted the motion in part and vacated Petitioner's convictions and sentences for count one in each case (App. H). Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam* on June 26, 2001 (App. J).

On December 12, 2001,[2] Petitioner filed a second Rule 3.800(a) motion (App. K). Petitioner's motion was stricken as an abuse of process on July 10, 2002 because the

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

[2] The petition was signed by Petitioner but is not dated, nor does it contain a stamp from the correctional institution indicating the date on which it was turned over to prison officials for mailing. Therefore, the Court will use the date the motion was docketed in the state court as the date it was filed.

same claim had previously been raised and rejected in his first Rule 3.800(a) motion (App. L). Petitioner did not appeal the denial of that motion.

On June 29, 2003, Petitioner filed a Rule 3.850 motion for post-conviction relief (App. M). The trial court dismissed Petitioner's motion as untimely (App. N). Petitioner appealed, and October 7, 2003, the Fifth District Court of Appeal *per curiam* affirmed (App. O). Mandate was issued on October 24, 2003.

Petitioner subsequently filed three additional Rule 3.800(a) motions between December 23, 2004, and August 16, 2007 (App. P, S, & V). The trial court summarily denied each of these motions (App. Q, T, & W). The appellate court *per curiam* affirmed (App. R, U, & X). Petitioner also filed two Rule 3.800(b) motions on March 26, 2009, and November 3, 2010, respectively (App. Y & BB). Both motions were denied (App. Z & CC), and the Fifth District Court of Appeal affirmed *per curiam* (App. AA & DD). Petitioner filed his federal habeas petition on September 8, 2011 (Doc. No. 1).

II. *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application

3

        created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance from the trial court's correction of Petitioner's sentence on June 26, 2001. *Ferreira v. Secretary, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (holding the "AEDPA's statute of limitations runs from the date the judgment pursuant to which petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving becomes final" and finding that the one-year limitations period restarted after the petitioner's sentence was corrected in the state court). Petitioner then had ninety days, or through September 24, 2001, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(3). Thus, under § 2244(d)(1)(A), the judgment of conviction became final on September 24, 2001, and Petitioner had through September 24, 2002, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed a second Rule 3.800(a) motion on September 12, 2001. Although this motion was stricken by the trial court, the Court finds that the motion was a properly filed state post-conviction proceeding. Pursuant to Florida law, a Rule 3.800(a) motion may be filed at any time, and successive motions are permissible. *See Moss v. State*, 9 So. 3d 674, 675 (Fla. 3d DCA 2009); *Wesley v. Sec'y, Dep't of Corr.*, No. 8:06-cv-1646-T-24MAP, 2008 WL 1994998, at *3 (M.D. Fla. May 8, 2008) (finding "[a] state court's determination that a state application for post-conviction relief is precluded by a state procedural bar does not render the application improperly filed because '[o]nly the individual claims, and not the application concerning those claims, can be procedurally defaulted under state law.'" (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). The *Wesley* court found that the petitioner's second Rule 3.800(a) motion did toll the limitations period despite the fact that the claims raised in the motion were successive because they had previously been raised and rejected. *Id.* Similarly, although the claims in Petitioner's Rule 3.800(a) motion were successive, the motion was properly filed and tolled the one-year limitations period.

Consequently, the one-year limitations period was tolled from September 24, 2001, through July 10, 2002, the date the trial court entered the order striking Petitioner's second motion. Petitioner had through July 10, 2003, to file his federal habeas petition. Petitioner filed a Rule 3.850 motion on June 29, 2003, however, this

5

motion did not toll the time for filing a federal habeas petition because the state motion was untimely filed. *See Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quotation omitted)). The one-year limitations period expired on July 10, 2003. The instant federal habeas petition, filed on September 8, 2011, is untimely filed.

The Court is aware that Petitioner filed several other post-conviction motions in the state court. However, because the one-year period expired before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the instant untimely federal habeas petition must be denied.

### III.   Actual Innocence

To overcome his untimely filing, Petitioner argues that his sentences are illegal pursuant to *State v. Thompson*, 750 So. 2d 643 (Fla. 1999). In *Thompson*, the Supreme Court of Florida held that chapter 95-182, which created Florida's violent career criminal sentencing category, violated the single subject rule of the Florida Constitution and thus, the defendant's violent career criminal sentence was illegal. *Id.* at 646-47.

Petitioner essentially argues that he is actually innocent of his violent career criminal sentence.

For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[3] "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner's claim relates to the legal sufficiency of his sentence. Petitioner has not demonstrated that he is factually innocent of the crimes. Accordingly, Petitioner's assertion that his untimely petition should be excused is without merit. *See McKay v. United States*, 657 F.3d 1190, 1193 (11th Cir. 2011) (holding, in the context of a section 2255 motion, that a claim one is actually innocent of career offender status does not

---

[3]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence


qualify as an actual innocence claim because it is a claim of legal innocence based on case law rather than factual innocence).

Additionally, the Court notes that Petitioner's reliance on *Thompson* is misplaced. Petitioner was not sentenced as a violent career criminal. Instead, Petitioner received HVFO sentences. The HVFO sentencing category was neither created nor affected by chapter 95-182 and therefore, Petitioner has not shown that his sentence is illegal or that he is actually innocent of his sentence. *See Benedetto v. State*, 957 So. 2d 109, 110 (Fla. 4th DCA 2007) (holding appellant's habitual violent felony offender sentence was not affected by the amendments of Chapter 95-182, Law of Florida . . . .) (citing *Johnson v. State*, 763 So. 2d 283 (Fla. 2000)).

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### III. *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's

should be first addressed . . . ."

assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Tyrie L. Nelms (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 11th day of February, 2013.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 2/10
Counsel of Record
Tyrie L. Nelms